IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY McRAE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     05-2272 (RBW) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant | ) |

### THE DEFENDANT DISTRICT OF COLUMBIA'S OTION TO DISMISS PLAINTIFF'S COMPLAINT

The defendant District of Columbia ("District"), by and through undersigned counsel, hereby moves this Court to dismiss plaintiff's complaint. As reasons for this motion, the District states the following:

Plaintiff's claims as alleged pursuant to the *Fair Housing Act* and the *D.C. Human Rights Act* were not filed within the applicable statute of limitations and must therefore be dismissed.

A memorandum of points and authorities in support of this motion and proposed order are attached hereto.

                                                            Respectfully submitted,

                                                            ROBERT J. SPAGNOLETTI
                                                            Attorney General for the District of Columbia

                                                            GEORGE C. VALENTINE
                                                            Deputy Attorney General, D.C.
                                                            Civil Litigation Division

                                                            PATRICIA A. JONES #428132
                                                            Civil Litigation Division
                                                            Chief, General Litigation Section IV

GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY McRAE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 05-2272 (RBW) |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE DEFENDANT DISTRICT OF COLUMBIA'S MOTION
TO DISMISS THE COMPLAINT

Preliminary Statement

Plaintiff alleges that in 2000, the defendant District of Columbia ("District") engaged in practices that violated the Fair Housing Act, 42 U.S.C. § 3604 (a) and (b), and the District of Columbia Human Rights Act, D.C. Official Code §§ 1-2515 and 2532 (2001 ed.). Pl.'s Compl. at ¶¶ 30 and 31.

Plaintiff specifically alleges that in March of 2000, the District issued its list of "Hot Properties." Despite having been placarded for closure as a result of substandard living conditions, plaintiff alleges that on "information and belief" either all or part of the buildings targeted for closure were in fact habitable. Pl.'s Compl. at ¶ 19. Plaintiff next alleges that on January 23, 2000, he made efforts to contact the District to obtain a list of the violations and to meet with District officials to discuss the violations. Pl.'s Compl. at ¶ 21. Plaintiff contends that the District never provided any reports or otherwise respond to his requests and "hamper[ed]" his efforts to remedy any violations. *Id*  Plaintiff further contends that the District failed to pursue less drastic alternatives to enforce its housing

code regulations, and failed to prosecute persons he contends were equally, if not more, culpable for any purported violations. Pl.'s Compl. at ¶¶ 22 through 27.  Plaintiff further claims that early in 2000, as a result of being charged with offenses that amounted to a potential sentence of nearly 700 years, he entered into an agreement with the District and that the District later "reneged" on its commitment. Pl.'s Compl. at ¶ 9.

All of the acts alleged by plaintiff against this defendant occurred in early 2000. Pl.'s Compl., generally.  For the following reasons, dismissal is mandated.

*ARGUMENT*

Standard to be Applied

In reviewing the sufficiency of a complaint pursuant to Federal Rule Civil Procedure 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assoc.*, 387 U.S. 167, 172 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. M.C.I. Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The motion can be granted, and the complaint dismissed, only if no relief could be granted based upon those facts. *See id.*

I.   Plaintiff's claims raised under both the Fair Housing Act and the D.C .Human Rights Act were filed beyond the statute of limitations.

a) Under the *Fair Housing Act,* there is a two-year statute of limitations. "An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than two years after the occurrence or the termination of an alleged discriminatory housing practice to obtain appropriate relief with respect to such

discriminatory housing practice. 42 U.S.C.S. § 3613(a)(1)(A). A civil action shall be commenced within 180 days after an alleged discriminatory practice occurs. 42 U.S.C.S. § 3612(a)" *Spann v. Colonial Village, et al.,* 899 F.2d 24, 31 (D.C. Cir. 1990). *See also,* . In this case, plaintiff's allegations against this defendant all occurred in 2000, well beyond the two year statute of limitations of the Fair Housing Act. Moreover, plaintiff has not established any continuing discriminatory practice that occurred within this same filing period. Plaintiff's failure to file suit for any alleged violations within the applicable statute of limitations proves fatal to his claims raised under the FHA, and requires dismissal against this defendant.

       b)      Under the *D.C. Human Rights Act,* a plaintiff must file suit within 1 year of any alleged violation. *See* D.C. Official Code § 2-1403.16 (2001 ed.); *also see, Katridis v. Dav-El,* 846 F.2d 1482, 1485 (D.C. Cir. 1988). All acts plaintiff alleges as against this defendant purportedly occurred in 2000, well beyond the 1 year limitation of the D.C. Human Rights Act. Plaintiff's failure to allege one act, even on a theory of continuing violation, within one year of the alleged occurrence proves fatal to his claims. As such, all claims raised under the D.C. Rights Act as against this defendant must be dismissed.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Civil Litigation Division
Chief, General Litigation Section IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625