UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Randy McRae                )
    Plaintiff,            )
                                                )    Civil Action No.: 05-02272 (RBW)
v.                         )
                                                )
District of Columbia,      )
    Defendant,            )

**PLAINTIFF'S OPPOSITION TO THE DISTRICT'S MOTION TO DISMISS**

    By the instant Motion, on January 5, 2006, Defendant, presumably pursuant to Fed. R. Civ P 12(b)6 respectfully moved this Honorable Court to Dismiss Plaintiff's complaint on the grounds that 1) under the Fair Housing Act, a civil action must be commenced in 180 days, which Plaintiff failed to do, 2) that under the DC Human Rights Act a plaintiff must file suit with 1 year of any alleged violation, which Plaintiff failed to do, 3) that Plaintiff failed to allege one act, not even on a theory of continuing violations, that any alleged occurrence happened within one year.  In response and Opposition, Plaintiff submits this Memorandum and states as follows:

**FACTS**

    Plaintiff denies, controverts, and objects to the facts as presented by Defendant, in entirety, in its Motion to Dismiss and thus submits the facts as stated herein, as follows:

    On or about October 20, 1995, November 18, 1996; and June 20, 1997, Plaintiff purchased properties in the District at 4110 –4124 Ames Street, N.E, Washington, D.C.; 1417 Newton Street, N.W., Washington, D.C., and 1611 Park Road, N.W. , Washington, D.C.

    On March 5, 2003, the District argued at trial criminal charges in the DC traffic court alleging that the plaintiff had failed to correct certain housing code violations.  Subsequent to the commencement of this action against your Plaintiff, the District abused its' process by engaging in selective enforcement

1

of housing code violations on the basis of national origin and race. See 2922 Sherman Avenue Tenants, No. 00-862. The District abused the enforcement of housing code violations prosecutions, by using them as a means of, and guise for, ulterior motives and with the principle purpose of forcing your Plaintiff to give up his real property, in this area of the City for more development enrichment by others. The Districts' purpose was non legitimate, irregular, illegal, and but for discriminatory housing code enforcement, was used as a vehicle to achieve the unlawful District purpose. The District's conduct constituted the tort of "Injurious Use of Another to Commit A Wrongful Act". See Restatement Torts (2d), § 874A. The District by its acts used Plaintiff as an instrument to discriminate illegally against the tenants, i.e., to evict them from Plaintiff's property, so the District could put the land to others' uses. The District used and continues to use Plaintiff to accomplish this scheme. (See of Order dated 3/10/03 of Superior Court D-861-00 and D-862-00, which continues to bar your Plaintiff from rental property engagement, as well as, continued prosecution at Exhibit B.)

  On or about June 30, 2000, the 1611 Park Road Tenants Association, along with several tenants and three other tenant's associations, brought suit against the District alleging discriminatory enforcement of housing code violations, and wrongful closure of the buildings. The Federal court found and that these tenants were injured as a result of the District's discrimination and negligence. The Court found no fault of your Plaintiff. See Sherman Ave. Id. On April 19, 2004, the Federal Court pursuant to a jury trial found the District liable to several tenants for its discriminatory action awarded damages to the tenants. Importantly, the District Court found that "all victims of that unlawful act, not only the Hispanic victims, were entitled to recover". See page 4 of the 2922 Sherman Ave. court's Memorandum and Order, attached at Exhibit D. Accordingly, thereafter the instant lawsuit was filed.

## ARGUMENT

**A.     Legal Standard for Motion to Dismiss.**

The District Court Rules permit "dismissal of a claim only if, construing the allegations in the Complaint in favor of the Plaintiff, it is beyond doubt that Plaintiff can prove no set of facts that would justify relief". Best v. District of Maryland, 742 F. Supp. 44 (D.D.C. 1990). In the instant matter, valid claims for relief have been alleged, all facts are ripe for review, and several issues of material fact remain at issue.

It is universally accepted that a motion to dismiss for failure to state a claim upon which relief can be granted is a mere formal motion directed solely to the face of the complaint. See Dann v. Studebaker-Packard Corp., 288 F.2d 201, 275 (6th Cir. 1961). Moreover, it is well settled that construing such a motion, the court must construe the complaint in the light most favorable to the Plaintiff, and must accept as true all pleaded factual allegations and reasonable inferences there from. See Federal Telephone & Radio Corp. v. Associated Telephone and Telegraph Co., 169 F.2d 1012, 1015 (3d. Cir.) cert. Denied. 335 U.S. 859 (1948); In re Longhorn Securities Litigation, 573 F. Supp. 278, 279 (W.D. Okla. 1983). It is also well-settled that a motion to dismiss will only be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle relief. Longhorn, 573 F.Supp.at 279.

Defendants by the instant motion, have presented information outside the "four corners of the Complaint". Significantly, the Supreme Court in Carter v. Stanton, 405 U.S. 669 (1972) held that if in support of a motion to dismiss for failure to state a claim, matters outside the pleadings are presented, the motion should be treated as one for summary judgment and disposed of under Civil Procedure Rule 56. Because Plaintiff has set forth facts in the complaint which, if true, would entitle them to relief, and

3

Defendant has submitted matters outside the Complaint in response, i.e., statute of limitations argument, Defendant's Motion to Dismiss must be denied.

### B. Continuing Violation doctrine applies.

Defendant contends that: a) the Plaintiff has not established any continuing discriminatory practice that occurred within this same filing period, and b) Plaintiff has failed to alleged one act or even a theory of continuing violation. Motion, p. 5 of 6, paragraphs a/b. Defendant's contentions are misplaced. The District also misinterpreted the Complaint, especially as related to the statutory objection. Importantly, the District has never ceased its acts and, as such is continuing today, with the matter pending in the DC Court of Appeals. App. Nos. 03-CT-371, and 03-CT-372. The District's arguments are disingenuous, as per a literal reading of the Complaint. Looking at paragraphs 11, 21, 23, 24, 27, and 28, it is inescapable to conclude that the District's conduct has ceast. See the parties' pending Superior Court appeal to evaluate the severity of the Districts acts, and ability to continue the abuse. Order copy attached at Exhibit A.

Specifically, the continuing violations doctrine extends the accrual of a claim if a continuing system of discrimination violates an individual's rights "up to a point in time that falls within the applicable limitations period." *Williams v. Owens-Illinois,* Inc., 665 F.2d 918, 924 (9th Cir. 1982). The Court reviews the motion and considers the evidence in the light most favorable to the non-moving party. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). The courts have recognized methods by which a plaintiff may establish a continuing violation. *Gutowsky v. County* of Placer, 108 F.3d 256, 259 (9th Cir. 1997). Plaintiff may show a serial violation by pointing to a series of related acts against one individual, of which at least one falls within the relevant period of limitations. *Id.; Morgan* v. Nat'l RR Pass., 232 F.3d 1008 (9th Cir. 2000).    For example, in a case alleging discrimination on the

basis of national origin, the Court permitted the plaintiff to introduce acts of discrimination by his employer that occurred outside of the statute of limitations period because they were sufficiently related to later, timely incidents of discrimination. *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990). Second, a plaintiff may show a "systematic policy or practice of discrimination that operated, in part, within the limitations period--a systemic violation." *Morgan,* 232 F.3d at 1015-16..

A systemic violation claim "requires no identifiable act of discrimination in the limitations period, and refers to general practices or policies, such as hiring, promotion, training and compensation." *Provencher v. CVS Pharmacy, Div. Of Melville* Corp., 145 F.3d 5, 14 (1st Cir. 1998). "In other words, if both discrimination and injury are ongoing, the limitations clock does not begin to tick until the invidious conduct ends." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 183 (1st Cir. 1989); as is the case herein.  Plaintiff is still suffering from the Districts acts, based on the Continuing Order which, based on its plain language, makes any rental ownership activity in the District by Plaintiff herein, grounds for his incarceration.  See copy of Districts' Continuing Order attached at Exhibit B. Here, the Court must consider whether the maintenance of a systemic discrimination policy; i.e. plaintiffs' prosecution via the "Hot Properties List", when combined with repeated efforts by the plaintiff to sell the properties or make the necessary repairs, extends the accrual of the limitations period in this case.  We believe it clearly does.

### C.  Plaintiff's complaint give rise to 42 USC 1982-1983 liability.

Defendant avoids the fact that Plaintiff is making federal claim under <u>Monnell v. New York City Dept of Social Services,</u> 436 U.S. 563 (1978), and thereby that § 1983 municipal liability may be had where "some, custom, practice of policy" is the proximate cause of the constitutional violation.  Unlike the Fair Housing Act ( 42 USC § 3601, et seq.) which imposes a 180 day limitations period in which an

5

aggrieved person must file a housing discrimination action in federal District Court, the Civil Rights Act of 1866 ( 42 USC § 1982-1983, et seq.) contains no time limitations provisions.  Meyers v. Pennypack, et al. 559 F2d 894 (3rd Cir 1977).

Moreover, it has been held that …a "single municipal decision can reflect deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow that decision."  See Board of County Comm'rs of Bryan County Oklahoma v. Brown, 520 U.S. 397, 403 (1997) and Baker v. District of Maryland, 326 F 3d 1302, 1307 (D.C. Cir. 2003).  In this case Plaintiff can show that Defendants acted with deliberate indifference regarding administrative complaints and requests for distressed properties assistance.

**D.  Plaintiff by filing a notice of reservation of rights, tolled the statute in this matter..**

In order to preserve its rights and opportunity to cross-claim against the District of Columbia, Plaintiff herein, in the matter 2922 Sherman Avenue Tenants v. D.C., et al, on April 11, 2004, at Document #194, filed a Notice or Reservation of Rights, reserving all rights against the District, including the right to discovery.  See copy of Notice attached at Exhibit C.

## CONCLUSION

Where based on the foregoing discussion, and authorities cited, Plaintiff respectfully submits that the Defendant' Motion should be denied.

                                        Respectfully submitted,

                                        _____

                                        Bobby B. Stafford, Esq.
                                        Randy McRae, Esq.
                                        1000 Pendleton Street
                                        Alexandria, Virginia  22313
                                        (703) 549-284
                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

     I hereby certify that on the _____ day of January, 2006, a copy of Plaintiff's Opposition to Defendant's Motion to Dismiss was mailed electronically to:

George Rickman, 441 4th Street, P.O. Box 14600, Washington, D.C. 20044-4600

                                                                                                           _____
                                                                                                            Randy McRae