# District of Columbia
# Court of Appeals



Nos. 03-CT-371 & 03-CT-372

RANDY MCRAE,

                Appellant,

                                            D861-00
                                            D862-00

v.

DISTRICT OF COLUMBIA,

                Appellee.

## ORDER

On consideration of this court's order of May 25, 2005, which granted appellee's motion to stay appeal, and it further inadvertently directed appellee to file a D.C. App. R. 10 (c) statement in the trial court, and it appearing that due to equipment malfunction, transcripts of the proceedings held on March 5, 2005, cannot be produced, it is

ORDERED, *sua sponte*, that this court's order of May 25, 2005, is vacated to the extent it directed appellee to file a D.C. App. R. 10 (c) statement in the trial court. It is

FURTHER ORDERED that appellant is given permission to file with the Superior Court a statement of proceedings and evidence pursuant to D.C. App. R. 10 (c) within 10 days from the date of this order. It is

FURTHER ORDERED that appellant shall within 30 days from the date of this order file a report with this court on the status of the Superior Court proceedings. The statement shall contain a copy of the document filed in the Superior Court.

                                                BY THE COURT:

                                                ANNICE M. WAGNER
                                                Chief Judge

Copies to:

Honorable John R. Hess

Clerk, Superior Court

                                                                       EXH. A

United States of America
District of Columbia

Case No.: 0861-00

PDID No.: _____

vs.

Randy McRae

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of ____
CH.A - Failure to install Smoke detector    PD - Failed to maintain Interior walls
UL - Failure to provide heating facility system    LIT - Failure to secure mail receptacle
and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of WL - Fl
and is guilty of the offense(s) charged, and is hereby SENTENCED to to install plu
As to CHS A, PD, UL, UT, WL - Imposition of Sentence Suspended.
Six (6) months Supervised probation.

This case is to run concurrent with case 0862-00

☐ **MANDATORY MINIMUM** term of _____ applies to the sentence imposed
☐ **MANDATORY MINIMUM** term does not apply.
☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.
☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].
☒ **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

☒ Observe the general conditions of probation listed on the back of this order.
☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.
☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
_____
☐ Restitution of $ _____ in monthly installments of $ _____ beginning
_____ (see reverse side for payment instructions.)
☒ ~~The Court will distribute monies to~~ Defendant is to stay out of residential rental business

Costs in the aggregate amount of $ 250.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. due by 5-12-03   Pd 5/8/03 BC took
ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the
commitment/order for the defendant.

_____    _____
Date                          Judge   Pd 5/8/03
Certification by Clerk pursuant to Criminal Rule 32(d).        BC took
                                                                to Cort
_____    _____
Date                          Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 2922 SHERMAN AVE. TENANTS, et al.<br>Plaintiff,<br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br>Defendants. | )<br>)<br>)  CASE NO. 1:00-00862<br>)<br>)<br>)  JUDGE: JR<br>) |

## NOTICE OF FILING

Cross-Defendant, Randy McRae, hereby request bifurcation of his trial on the District Cross-claim in the above captioned matter, and hereby joins, incorporates and submits as grounds hereof the entire argument, discussion and legal authority offered by Cross-Defendant Andrew Serafin, in its Motion for Separate Trial on the Cross-claim filed herein dated February 18, 2004.(#171). Earlier in response to a request by Cross-Defendant Andrew Serafin, Cross-Defendant Randy McRae noted his concurrence and desire to join in Defendant Serafin's Motion for Separate Trials. Cross-Defendant McRae herewith reserves all rights, including the right to discovery.

Respectfully submitted,

_____
Randy McRae #430494
10640 Campus Way South, #110
Largo, Maryland  20774
(301) 459-5255
Attorneys for Defendant

Exh. C

3. **The closing of only one building resulting in the actual displacement of a small number of Hispanics will not support a finding of disparate impact.**

The District maintains that the jury's verdict -- finding the District liable only for the closure of 1512 Park Road, impacting only a few Hispanic individuals -- cannot stand because the law requires any statistical disparity to be "substantial." Plaintiffs' case was about much more than 1512 Park Road, though -- it was about the entire Hot Properties List. In rendering its verdict on liability with respect to 1512 Park Road, the jury first had to find that the closure of 1512 Park Road was done as part of the Hot Properties Initiative. (As discussed above, their finding on this first issue is supported by the record.) The jury next had to find that the District's acts in placarding and/or closing buildings had a significantly disproportionate impact upon Hispanic persons. Plaintiffs presented evidence about a wide range of actions taken pursuant to the Hot Properties Initiative. Based on this evidence, involving many different buildings in several parts of the district, along with Dr. Bradford's testimony, it was reasonable for the jury to conclude that the neighborhoods affected by the Hot Properties Initiative were disproportionately Hispanic and that an action taken pursuant to that Initiative (the closing of 1512 Park Road) was unlawful. All of the victims of that unlawful act, not only the Hispanic victims, were entitled to recover.

Exh. D.

AO 450 (Rev. - DC 04/00) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

2922 SHERMAN AVENUE TENANTS' ASSOCIATION, ET AL

v.

DISTRICT OF COLUMBIA, ET AL

JUDGMENT IN A CIVIL CASE

Case Number: 00-862 (JR)

☒ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard a decision has been rendered.

IT IS ORDERED AND ADJUDGED

AND DECREED that the plaintiffs: Vinh Vuong Thi -$18,800; Rachelle Washington -$14,800; Eric Williams -$15,700; Elijah Davis -$14,100; Floria Henderson -$14,300; Willie Adams -$14,100; Nathaniel "Murphy" Dixon -$15,700; Jose Anibal Cruz -$17,500; Gerardo "Gamy" Cuatle -$18,200; Minh Nguyen -$15,000; So Nguyen Van -$10,000; Mary Jean DiPetro -$13,300

have and recover of and from the defendants DISTRICT OF COLUMBIA, ET AL the total sum of One Hundred Eighty One Thousand, Five Hundred Dollars ($181,500) together with costs.

Dated: April 23, 2004

NANCY MAYER-WHITTINGTON, Clerk

By: *Dorothy James Patterson*
Deputy Clerk

Exh. D-1