UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy McRae           )<br>     Plaintiff,        )<br>                            )<br>v.                          )<br>                            )<br>District of Columbia,   )<br>     Defendant,        ) | Civil Action No.: 05-02272  (RBW) |

**PLAINTIFF'S MOTION TO STAY OPERATION AND EXECUTION OF JUDGMENT**

  COMES NOW, Plaintiff, pursuant to Fed. Rule of Civil Proc. 59(e) and Rule 62 hereby respectfully moves this Honorable Court to stay operation and effect of Judgment entered on June 26, 2006 in favor of the District, on the grounds that 1) Plaintiff has a disposition pending for a Rule 60 (b) Motion for Reconsideration, and 2) that the evidence of continuing violations and discriminatory acts continues, even though under both the Fair Housing Act and the DC Human Rights Act a plaintiff must file suit with 1 year of any violations, that any alleged occurrence happened within one year.

                   Respectfully submitted,

                   _____
                   Bobby B. Stafford, Esq.
                   Randy McRae, Esq.
                   10640 Campus Way South, #110
                   Largo, Maryland   20774
                   (301) 772-7080 / (301) 772-7141
                   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy McRae )<br>    Plaintiff, )<br> ) <br>v. )<br> )<br>District of Columbia, )<br>    Defendant, ) | Civil Action No.: 05-02272 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STAY OPERATION AND EFFECT OF JUDGMENT**

By the instant Motion, Plaintiff hereby moves this Honorable Court for a stay of the operation and effect of the judgment, and states as follows:

**FACTS**

On or about October 20, 1995, November 18, 1996; and June 20, 1997, Plaintiff purchased several properties in Washington, D.C. Several area tenants brought suit against the District alleging discriminatory enforcement of housing code violations. The Federal court in 2922 Sherman Ave. Tenants v. D.C., found that these tenants and "others" were injured as a result of the District's discrimination. Plaintiff as owner/landlord is an "other" injured party.

**ARGUMENT**

**I.   Under Rule 59 (e) and the standard for a stay, plaintiff is likely to win this case.**

Federal Rule of Civil Procedure 59(e) states in pertinent part that: "A motion to alter or amend the Judgment shall be served not later than 10 days after entry of the Judgment". See Emory v. Secretary of the Navy, 819 F.2d 291 (D.C. Cir. 1987). The instant Motion is being filed within 10 days of the entry of the subject judgment. In evaluating a Request for Stay, black letter law in this Circuit requires that the Plaintiff meet the following test and standard for issuance of the stay or injunction. The test was recently articulated by this Court in Al-Fayed v. Cental Intelligence Agency, 254 F.3d 300, 303 (D.C. Cir. 2001), and states as follows:

2

[I]n considering a plaintiff's request for an injunction, a court must weigh four factors:

(1) whether the plaintiff has a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury were an injunction not granted; (3) whether an injunction would substantially injure other interested parties; and (4) whether the grant of an injunction would further the public interest.

It is beyond reasonable argument that Plaintiff herein does have a high probability of success on the merits of its' case. See <u>Cuomo v. Nuclear Regulatory Comm.</u>, 772 F.2d 972, 974 (D.C. Cir. 1985). A substantial case on the merits will suffice when the other three factors strongly favor interim relief. See <u>WMATA v. Holiday Tours, Inc.</u>, 559 F.2d 841 (D.C. 1977).

**II.    Stay under Rule 62(b) is applicable to this case.**

In pertinent part, FRCP Rule 62(b) reads as follows:

(b) Stay on Motion for New Trial or for Judgment. ….In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition ... of a motion for relief from judgment or order made pursuant to Rule 60.

## CONCLUSION

WHEREFORE, based on the aforementioned discussions and authorities cited herein, Plaintiff respectfully request that this Honorable Court grant it's Motion.

Respectfully submitted,

_____
Bobby B. Stafford, Esq.
Randy McRae, Esq.
10640 Campus Way South, #110
Largo, Maryland  20774
(301) 772-7080 / (301) 772-7141
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that, on the ____ day of July, 2006, a copy of the foregoing Plaintiff's Motion to Stay, was electronically mailed first-class, postage prepaid, to the following: George Rickman, Esq., Office of DC Atty Gen, 441 Fourth St, NW, Wash. D.C.  20001

_____
Randy McRae

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Randy McRae        ) | |
|     Plaintiff,        ) | |
|                     ) | Civil Action No.: 05-02272 (RBW) |
| v.        ) | |
|                     ) | |
| District of Columbia,        ) | |
|     Defendant,        ) | |

## **ORDER**

Upon consideration of the Plaintiff's Motion for Stay of the Operation and Effect of Judgment, any opposition thereto, and for cause shown, it is this _____ day of July, 2006,

Ordered, that the Motion is hereby Granted.

SO ORDERED.

_____
Judge
United States District Court

Copies:   Randy McRae, Esq.
              Bobby B. Stafford, Esq.
              10640 Campus Way, Suite 110
              Largo, Maryland 207774

              George Rickman, Esq
              D. C. Office of the Attorney General
              441 Fourth Street, N.W.
              Washington, D.C. 20001