UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy McRae<br>    Plaintiff,<br><br>v.<br><br>District of Columbia, et al.,<br>    Defendants, | )<br>)<br>) Civil Action No.: 05-2272 (RBW)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION TO RE-OPEN THIS CASE

Comes now, Plaintiff, R. McRae, thru counsel, pursuant to Fed. R. Civ. Proc. 15, 15(d) and respectfully requests this Honorable Court reopen this case against the District of Columbia for discrimination violation of due process, upon the grounds that: 1) Fed. R. Civ P. 15(b) and 15(d) contemplates that motions to reopen or amend a pleading be "freely given", 2) based on Defendant's August 1, 2006 letter of continuing discrimination, presentation of the merits of the instant action shall be subserved by reopening this case, and 3) that justice so requires.   In support of this Motion, Plaintiff submits the attached Memorandum of Points and Authorities.   Plaintiff, pursuant to the local rules, attempted to obtain the consent of Defendants counsel, to this Motion, but was unable to obtain such consent.

                                                                              Respectfully submitted,

| | |
|---|---|
| _____<br>Bobby Stafford<br>1000 Pendleton Street<br>Alexandria, Virginia  22389<br>(703)  549-0284 | _____<br>Randy McRae #430494<br>10640 Campus Way South, #110<br>Largo, Maryland  20774<br>(202) 421-7983<br>Attorneys for Plaintiff |

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy McRae ) | |
|     Plaintiff, ) | |
| ) | Civil Action No.: 05-2272 (RBW) |
| v. ) | |
| ) | |
| District of Columbia, et al., ) | |
|     Defendants, ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>PLAINTIFF'S MOTION TO REOPEN THIS CASE</u>**

Plaintiff submits this Memorandum in support of its Motion, states as follows:

**<u>FACTS</u>**

In early 2000, the District of Columbia was sued by several tenant organizations, including the 1611 Park Road Tenants Association, for selective and discriminatory enforcement of housing code violations. Thereafter, the District of Columbia brought criminal charges against Plaintiff for failure to cure housing code violations. On or about February 13, 2002, the Defendant and the District of Columbia entered a Deferred Settlement Agreement, which was intended to permanently and amicably resolve this matter. Under the terms of the Deferred Settlement Agreement, Defendant was to sell all of his rental properties in the District of Columbia (i.e. 5 properties/ 122 rental units) and give/donate all of the proceeds to various tenant associations and District funds, and the District of Columbia was to allow Defendant to withdraw its guilty plea and enter nolle prosequi on this matter. Although, Defendant complied, asserting that he had complied in every aspect with the Deferred Sentencing Agreement, the District refused to enter nolle procequi, asserting that the Defendant had breached sections 5(A), 5(b), 5(i) and 5(l) of the

2

Deferred Sentencing Agreement.

On or about April 26, 2006, the U.S. Court of Appeals for the District of Columbia, confirmed a finding of discriminatory enforcement of housing code violations against the District in favor of the Plaintiff Tenant Associations, and "all victims of the District's discriminatory practice. Notwithstanding the court's finding of discrimination, the District continues to intentionally discriminate against Plaintiff herein, in what it terms a separate but corresponding action seized from Plaintiff McRae, over $284,000.00 out of the Superior Court registry, allegedly for the reneged upon and voided Deferred Sentencing agreement. The District is maintaining liens against Plaintiff and using the D.C. Court registry office and personnel to continue its persecution of Plaintiff McRae. Specifically, the District has threatened both Bar Counsel action and prosecution of Plaintiff in furtherance of it's discriminatory practice and unlawful taking of Plaintiff's property, without due process. See D.C. Court's letter attached hereto at Exhibit A. Plaintiff has contracted for but been unable to purchase a home due to Districts' refusal to release Plaintiff from the above liens. Thus this Motion was filed.

## ARGUMENT

**A. In this case justice requires reopening this case and amendment of claims, and good cause exists**.

It is well settled that pursuant to the Federal Rule of Civil Procedure Rule 15, a party may amend that party's pleading, and that leave shall be freely granted when justice so requires. See Gordon v. Raven Sys Research, 462 A 2d 10 (App. DC, 1983). Moreover, confirming of evidence and/or supplemental pleadings is authorized where, 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" Strother v.

3

District of Columbia, 372 A. 2d 1291 (App. DC, 1977).   In the instant matter, Plaintiff made payments to the District prior to the commencement of this action.  Notwithstanding, the District continues to indirectly prosecute and discriminate against Plaintiff, and has repeatedly refused to release negative data and liens and Plaintiffs credit report.  Thus, this Motion should be granted.

**B.   It cannot be disputed that the District of Columbia is liable for taking Plaintiff's funds from the Superior Court Registry.**

Significantly the District of Columbia, in the instant matter, already has a high probability of liability due to the misconduct of the District itself, as per the findings of the 2922 Sherman Avenue Tenants v. District of Columbia, et al. case.   The Districts' own answers and admissions in the 2922 Sherman Avenue case establish proof of its' violations of Plaintiffs civil rights.  Also, since there was no warrant, nor lawful demand for custody, nothing justifies it's taking of Plaintiff's property – I e. $284,000.00, nor absolves the District of liability.  See MD. Crim Law §6-403; See also Sturdivant v. Seaboard, 459 A2d 1058 (DC 1983).

## CONCLUSION

Where based on the foregoing discussion, and authorities cited, Plaintiff respectfully submits that its Motion should be granted.

                                        Respectfully submitted,

                                        _____
                                        Randy McRae    #430494
                                        Bobby B. Stafford
                                        10640 Campus Way South, Ste. 110
                                        Largo, Maryland  20774
                                        (202) 421-7983/ (703) 549-0284

## CERTIFICATE OF SERVICE

    I hereby certify that on the _____ day of December, 2006, a copy of Plaintiff's Motion to Reopen This Case, was mailed electronically or via regular mail, postage prepaid to: Michael A. Stern, Esq. 441 4th Street, N.W., #450N, Washington, D.C. 20001

_____<br>
Randy McRae

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy McRae ) | |
|    Plaintiff, ) | |
| ) | Civil Action No.: 05-2272 (RBW) |
| v. ) | |
| ) | |
| District of Columbia, et al., ) | |
|    Defendants, ) | |

### ORDER

Upon consideration of the Plaintiff's Motion to Reopen this Case, any opposition thereto, and for cause shown, it is hereby this _____ day of December, 2006.

    **ORDERED** that the motion is GRANTED,

        **SO ORDERED**.

_____<br>
Judge<br>
United States District Court

Copies: Randy McRae, Esq.               Michael A. Stern, Esq.
       10640 Campus Way South, Ste. 110   441 4th Street, N.W., #450N
       Largo, Maryland  20774               Washington, D.C.  20001

       Bobby B. Stafford, Esq.
       1000 Pendleton Street
       Alexandria, Va. 22313