UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY McRAE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2272 (RBW) |
| THE DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On November 23, 2005, the plaintiff commenced this action alleging violations of both the Fair Housing Act, 42 U.S.C. § 3604 (2000) ("FHA"), and the District of Columbia Human Rights Act, D.C. Code §§ 2-1402.21, 2-1402.61, and 2-1402.68 (2001)[1] ("DCHRA"). Complaint ("Compl.") ¶¶ 30-31. Thereafter, on January 5, 2006, the defendant filed a motion to dismiss the plaintiff's complaint on the grounds that the plaintiff's claims filed pursuant to the FHA and DCHRA were not filed within the applicable statutes of limitations. Defendant's Motion to Dismiss Plaintiff's Complaint at 4-5. On June 26, 2006, this Court granted the defendant's motion and dismissed the plaintiff's complaint concluding that the plaintiff's complaint was untimely. June 26, 2006 Order. Currently before the Court is the plaintiff's motion for reconsideration and the defendant's opposition thereto.[2] (Docket Entry 6). For the

---

[1] The plaintiff alleged violations of D.C. Code §§ 1-2515, 1-2525, and 1-2532 (1981). At the time the plaintiff filed the instant action in this Court, the sections applicable to the plaintiff's claims were D.C. Code §§ 2-1402.21, 2-1402.61, and 2-1402.68 (2001) respectively. The sections applicable to the plaintiff's claims were amended in the 2001 edition of the D.C. Code.

[2] The following papers have been filed in connection with this motion: (1) Memorandum of Points and Authorities in Support of the Plaintiff's Motion for Reconsideration("Pl.'s Mem.") and (2) the Defendant's Opposition to the District's Motion ("Def.'s Opp'n").

reasons set forth below, the plaintiff's motion is denied.

## I.  Factual Background

The plaintiff, the owner of several multi-family housing buildings, alleges that the District of Columbia engaged in practices that violated both the FHA and the DCHRA.  Compl. ¶¶ 30-31.  Specifically, the plaintiff states that in January 1999, the District of Columbia issued a list of "Hot Properties," i.e., properties with serious housing code violations, and began prosecuting the owners of those properties.  Id. ¶ 9.  A second list, titled "Neighborhood Sanitization Program Substandard Properties List," was issued in March 2000.  Id. ¶ 17.  A property owned by the plaintiff was included in this second list.  Id. ¶¶ 9, 18.  The plaintiff contends that despite repeated requests, the District of Columbia failed to provide him with notice of the housing code violations, building inspection reports, or housing inspection reports so that he could correct the violations.  Id. ¶ 21.  Thus, the plaintiff represents that although he was not afforded the opportunity to correct the violations, the District of Columbia filed charges to prosecute the plaintiff for the alleged housing code violations in early 2000.  Id. ¶ 9.  The parties ultimately resolved the matter when the plaintiff entered into a deferred sentencing agreement.  Id. According to the plaintiff, others who were similarly situated were also prosecuted.  Id. ¶ 10.  Many of those individuals, including the plaintiff, eventually brought suit in another case pending before another member of this Court, challenging what they deemed to be discriminatory and selective enforcement of housing code violations.  Id.  The plaintiff now seeks relief from this Court's June 26, 2006 order granting the defendant's motion to dismiss this action.

## II.  Standard of Review

In its discretion, the court may relieve a party from an otherwise final judgment pursuant

to any one of six reasons set forth in Federal Rule of Civil Procedure 60(b).  Lepkowski v. Dep't of Treasury, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable.  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392-93 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. Fed. R. Civ. P. 60(b)(2). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. Fed. R. Civ. P. 60(b)(3); Mayfair Extension, Inc. v. Magee, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel."  Richardson v. Nat'l R.R. Passenger Corp., 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." Fed.R.Civ.P. 60(b)(4). A judgment is void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir.1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed ... or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5); Twelve John Does v. District of Columbia, 841 F.2d 1133, 1138 (D.C.Cir.1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any ... reason justifying [such] relief."

Fed. R. Civ. P. 60(b)(6). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." Pioneer Inv. Servs., 507 U.S. at 393.

## II. Legal Analysis

The plaintiff contends that this Court should reconsider its judgment entered on June 26, 2006, because the "[d]efendant has been found to more than likely have engaged in discrimination against tenants of Plaintiff's property, and thereby against Plaintiff." Pl.'s Mem. at 2. Therefore, the plaintiff asserts that this discrimination constitutes fraud. Id. In opposition, the defendant responds that (1) the "[p]laintiff's motion does not comply with Local Civil Rule 7(m)", Def.'s Opp'n. at 1; (2) the "[p]laintiff has not raised any issue or fact that addresses the basis [why] the Court's order dismissing the complaint [was in error]," id.; (3) the "[p]laintiff does not raise one instance or fact that would negate the basis of the court's order dismissing the complaint," id. at 2, and (4) "[t]he statute of limitations denies this Court jurisdiction over plaintiff's claims." Id.

Upon review of the pleadings and supporting memoranda submitted by the parties, the Court finds that the plaintiff has not satisfied his burden for being afforded relief pursuant to Rule 60(b). First, the plaintiff has not demonstrated that the judgment entered by this Court involves a mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Second the plaintiff has not presented any newly discovered evidence that would establish that the plaintiff's complaint was timely, thereby establishing that the Court has jurisdiction over this matter. Fed. R. Civ. P. 60(b)(2). Third, although the plaintiff primarily alleges that the judgment should be set aside because of fraud due to discrimination in the enforcement of having code violations, the plaintiff has not demonstrated that "such [alleged]'fraud' prevented him from fully and fairly

presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." Richardson, 150 F.R.D. at 7.  Further, it is "well-settled that a litigant seeking relief from a judgment under Rule 60(b)(3) based on allegations of fraud upon the court must prove the fraud by clear and convincing evidence." Drane v. Dominguez, No. 99-2920, 2005 WL 975691, at *2 (D.D.C. April 25, 2005) (quoting Shepherd v. Am. Broadcasting Co., 62 F.3d 1469, 1476-77 (D.C. Cir. 1995).  It appears that the plaintiff is alleging that the District of Columbia government committed fraud by discriminating against his tenants and thereby discriminating against him as the owner of the property.  Pl.'s Mem. at 2.  However, he does not allege that the defendant or its counsel committed a fraud upon the Court or that their actions prevented him from fully and fairly presenting his case to the Court.  Accordingly, the Court finds that the plaintiff has not established a claim of fraud under Rule 60(b)(3).

   Fourth, the plaintiff has not demonstrated that voiding the judgment is warranted because the Court lacked personal or subject-matter jurisdiction when it entered the judgment, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. Eberhardt, 167 F.3d at 871. Fifth, the plaintiff has not demonstrated that the court should grant him relief because the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5); Twelve John Does, 841 F.2d at 1138. Finally, the plaintiff has not established that there are any other reasons that merit this Court granting the requested relief.  Fed. R. Civ. P. 60(b)(6).  Thus, none of the six criteria for awarding relief under Rule 60(b) have been met in this case.  Accordingly, the plaintiff has failed to establish that he is entitled to relief from this Court's June 26, 2006 order dismissing this case

due to the plaintiff's failure to timely initiate this action.

### III. Conclusion

Based on the foregoing, this Court is compelled to conclude that the plaintiff's motion for reconsideration must be denied.[3]

**SO ORDERED** this 19th day of March, 2007.[4]

/s/ _____
REGGIE B. WALTON
United States District Judge

---

[3] Also pending before the Court are the plaintiff's motion to stay operation and execution of judgment and motion to re-open this case. Since the Court is denying the plaintiff's motion for reconsideration and declining to vacate its order dismissing this matter, the plaintiff's motion to stay operation and execution of judgment and motion to re-open this case are **DENIED** as moot.

[4] A order consistent with this memorandum opinion shall be filed contemporaneously herewith.